**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|   |   |   |
|---|---|---|
| CLIFFORD STEPHENS, | : | |
| | : | Civil Action No. 18-3628(RMB) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| STATE OF NEW JERSEY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**BUMB**, District Judge

Plaintiff, Clifford Stephens, a prisoner presently incarcerated in Northern State Prison in Newark, New Jersey, filed this civil rights complaint alleging he was a victim of excessive force while in South Woods State Prison. (Compl., ECF No. 1.) Unrelatedly, Plaintiff alleges that South Woods State Prison did not provide a safe work environment, causing him to lose a finger while working as a meat processor. (Id.) Plaintiff names three defendants in this action, the State of New Jersey, South Woods State Prison/Meat Processor Corp., and Officer Goldborough. (Id.) Plaintiff has filed an application to proceed *in forma pauperis* under 28 U.S.C. § 1915 ("IFP") and has established his financial eligibility to proceed without prepayment of the filing fee. (IFP App., ECF No. 1-1.)

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. For the reasons discussed below, the Complaint is dismissed without prejudice.

I. *SUA SPONTE* DISMISSAL

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint[.]" Id. Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

    A.    The Complaint

Plaintiff alleges, verbatim, the following statement of claims in his Complaint:

> My rights were violated being as though I was assaulted by officer goldsborough with excessive force with numerous punshes, kicks and choke holds as well. These events took place on 6-20-16, 6-24-16 as well on 6-27-16. I've also asked for a polygraph, which was [] upheld on 6-22-16 to 6-27-16 as well on the date 6-29-16.
>
> The incident that concerned witnesses that bore to this was Sgt Arfew, Vinni Gambinno, Lt Clarke.
>
> These are the witnesses that seen and called for help within the facility. I was taked to a room on a LMS too be taken to a hospital that was located close by.
>
> Also on my way to be housed on the trama unit for my finger being so severely sawed off, from the main joint, which took place the day after me being assaulted. For me injuring myself in the workplace on the compound at 12:22, 6-17-16 by Officer KP, Officer M. Lanigan, Gary, the Commissioner, Robert Buechele, the Administrator.

(Compl., ECF No. 1, ¶6.)

Plaintiff also alleges Officer Goldborough held him back "from attending the [trauma unit] on time, so that finger could be cared for. That caused infection toward the bones and inner parts." (Id., ¶4(c)).

For relief, Plaintiff states:

> I seek to gain a post conviction relief[1] from the state of New Jersey. Being as though I've taken too many losses with financial fees, lost of health, family contact, which caused death to transpirer. Within these past 2 years, I've been assaulted then accused of being the one the causes the action before hand. Now I'm the only one left to carry on the ledgacy that my family left behind.

(Id., ¶7.)

The form complaint Plaintiff filled out contains a question concerning Plaintiff's previous lawsuits filed in federal court while incarcerated, specifically whether any civil action or appeal was dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted. (Compl., ECF No. 1, ¶2.) Plaintiff indicated he was a plaintiff and South Woods State Prison/Meat Processor was a defendant in Case No. 59:8-6,[2]

---

[1] The term "post conviction relief" refers to a state's analogue to the federal writ of habeas corpus. State v. Preciose, 609 A.2d 1280, 1284 (N.J. 1992). Post-conviction relief proceedings are used to challenge the validity of a conviction or sentence to obtain release from custody. See N.J. Court Rule 3:22-1 et seq. A prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of confinement. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). The typical forms of relief available under § 1983 are monetary damages and injunctive relief. See generally Kentucky v. Graham, 473 U.S. 159 (1985) (discussing official capacity and personal capacity liability under § 1983). If Plaintiff files an amended complaint, he should state whether each defendant is sued in his or her personal or official capacity, and what type of relief is sought.

[2] The Court notes that N.J.S.A. § 59:8-6, part of the New Jersey Tort Claims Act, describes claim forms to be used in filing a Tort Claim Notice, a prerequisite to filing a personal injury lawsuit against a public entity in New Jersey. See N.J.S.A. § 59:1-1 et seq. It isn't clear whether Plaintiff filed a previous lawsuit in

filed on December 16, 2016, and the grounds for dismissal was failure to state a claim upon which relief may granted. (Compl., ECF No. 1, ¶¶2(a)-(d)). If Plaintiff files an amended complaint in this action, he should better explain any previous lawsuit he filed, where he filed it, and if it is based on the same events at issue in this action.

    B.    <u>Claims under 42 U.S.C. § 1983</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights by a state official or employee. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To state a claim for relief under § 1983, a plaintiff must first allege the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color

---

state or federal court or whether he simply filed a Tort Claim Notice, which was required before he could bring a claim under the New Jersey Tort Claims Act.

6

of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

    1. Section 1983 Claims Against the State of New Jersey

Plaintiff seeks to hold the State of New Jersey liable under § 1983 for the claims alleged in his Complaint. Assuming Plaintiff seeks monetary damages from the State of New Jersey, his § 1983 claims are barred by Eleventh Amendment immunity,[3] and the State of New Jersey has not waived its sovereign immunity under § 1983. Mierzwa v. U.S., 282 F. App'x 973, 976 (3d Cir. 2008) (per curiam). Moreover, New Jersey is not a "person" who can be sued under § 1983. Id. (citing 42 U.S.C. § 1983; Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989); United States ex rel. Foreman v. State of N.J., 449 F.2d 1298 (3d Cir. 1971)). Therefore, the § 1983 claims against the State of New Jersey are dismissed with prejudice.

    2. Section 1983 Claims Against South Woods State Prison/Meat Processor Corp.

A prison "is not a 'person' capable of being sued within the meaning of § 1983." Lenhart v. Pennsylvania, 528 F. App'x 111, 114 (3d Cir. 2013) (citing Will, 491 U.S. at 71; Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973)). It isn't clear whether "Meat

---

[3] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI.

7

Processor Corp." as alleged in the Complaint, is a separate entity from South Woods State Prison but assuming it is, it also is not a "person" under § 1983. The § 1983 claims against South Woods State Prison/Meat Processor Corp. are dismissed with prejudice.

        3.    <u>Excessive Force Claims Against Officer Goldborough</u>

"[T]he use of excessive physical force against a prisoner may constitute cruel and unusual punishment" under the Eighth Amendment. <u>Wilkins v. Gaddy</u>, 559 U.S. 34, 34 (2010) (quoting <u>Hudson v. McMillian</u>, 503 U.S. 1, 4 (1992)). The "core judicial inquiry" for such a claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." <u>Id.</u> at 37 (quoting <u>Hudson</u>, 503 U.S. at 7.)

Plaintiff alleges Officer Goldborough punched, kicked and applied chokeholds to him on three separate days, and "held him back" from the trauma unit. Plaintiff does not describe any of the circumstances surrounding the use of force or how he was prevented from going to the trauma unit. He has not alleged sufficient facts to establish that the force used was applied maliciously rather than in a good faith effort to maintain or restore discipline. This claim will be dismissed without prejudice, permitting Plaintiff to file an amended complaint if he can allege additional facts in support of an excessive force claim.

####     4.    Claims Concerning Unsafe Work Conditions

Plaintiff did not include Officer KP, Commissioner Gary M. Lanigan or Administrator Buechele as defendants in the caption of the Complaint or in the list of defendants in Paragraph 4 of the Complaint. Plaintiff, however, alleged in his statement of claims, "[f]or me injuring myself in the workplace on the compound at 12:22, 6-17-18 by Officer KP, Officer M, Lanigan, Gary, the Commissioner, Robert Buechele, the Administrator."

The Eighth Amendment protects against inhumane conditions of confinement. Farmer v. Brennan, 511 U.S. 825, 832 (1994). A prison official violates the Eighth Amendment when the official is deliberately indifferent to inmate health or safety. Id. at 834. Deliberate indifference is shown if the official knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. Farmer, 511 U.S. 847. "Eighth Amendment liability requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Franco-Calzada v. U.S., 375 F. App'x 217, 220 (3d Cir. 2010) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)).

The Court construes the Complaint as raising an Eighth Amendment deliberate indifference to inmate safety claims against unnamed defendants. The Court will dismiss the claim for failure to state a claim. If Plaintiff is seeking to hold Officer KP, Commissioner Gary M. Lanigan and Administrator Robert Buechele

liable for unsafe work conditions that caused Plaintiff to lose a finger in his prison job as a meat processor, Plaintiff must file an amended complaint and include these defendants in the caption and list of defendants. Plaintiff must also allege facts indicating how each individual was deliberately indifferent to a substantial risk of serious harm to Plaintiff. See Jutrowski v. Township of Riverdale, -- F.3d --, 2018 WL 4443884 at *5 ("a defendant's § 1983 liability must be predicated on his direct and personal involvement in the alleged violation").

It is also possible that Plaintiff is seeking to bring a negligence claim against these defendants. A claim of negligence in the performance of his or her job duties by a prison official or employee is not a constitutional violation. See Davidson v. O'Lone, 752 F.2d 817, 826 (3d Cir. 1984) ("negligence claims are not encompassed within § 1983.") If Plaintiff wishes to bring negligence claims against these defendants, he must bring such claims pursuant to the New Jersey Tort Claims Act, N.J.S.A. § 59:1-1 *et seq.,* in accordance with the procedural requirements described in that statute.

Assuming Plaintiff and all defendants are New Jersey citizens for purposes of diversity jurisdiction,[4] Plaintiff may only bring

---

[4] See Kissi v. Gillespie, 348 F. App'x 704, 705-06 (3d Cir. 2009) (per curiam) (a plaintiff invoking federal court diversity jurisdiction "bears the burden of stating 'all parties' citizenships such that the existence of complete diversity can be

state law claims in this Court if he also alleges federal law claims, and the Court exercises supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367. If Plaintiff decides to bring only state law claims, he must file in state court, assuming federal diversity jurisdiction under 28 U.S.C. § 1332 is inapplicable.

III. CONCLUSION

For the reasons discussed above, Plaintiff's § 1983 claims against the State of New Jersey and South Woods State Prison/Meat Processor Corp. are dismissed with prejudice. Plaintiff's Eighth Amendment excessive force claim against Officer Goldborough is dismissed without prejudice. Plaintiff's Eighth Amendment deliberate indifference to inmate safety claims are dismissed without prejudice.

An appropriate Order follows.

Dated: September 19, 2018

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

---

confirmed.'") (quoting Chem. Leaman Tank Lines., Inc. v. Aetna Cas. & Sur. Co., 177 F.3d 210, 222 n. 13 (3d Cir. 1999)).