**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| CLIFFORD JAY STEPHENS, | : | **CIV. NO. 18-16559 (RMB)** |
| Plaintiff | : | |
| v. | : | **OPINION** |
| COMMISSIONER GARY M. LANIGAN, and ADMINISTRATOR ROBERT BUECHELE, | : | |
| Defendants | : | |

**BUMB, DISTRICT JUDGE**

Plaintiff Clifford Jay Stephens, a prisoner presently confined in East Jersey State Prison in Rahway, New Jersey brings this civil action based on a work injury he suffered in South Woods State Prison and an alleged assault against him by two Correctional Officers. (Compl., ECF No. 1.) Although Plaintiff filed this as a new civil action, it appears that this was intended to be an amended complaint for Stephens v. State of New Jersey, Civil Action No. 18-3628(RMB) (D.N.J.) The Court will close this case and direct the Clerk to file Plaintiff's submission (ECF No. 1) as an Amended Complaint in Stephens v. State of New Jersey, Civil Action No. 18cv3628(RMB) (D.N.J.) and to reopen that action.

Plaintiff did not sign the Amended Complaint. (See Compl., ECF No. 1 at 7.) Federal Rule of Civil Procedure 11(a) provides, in relevant part "(a) Signature. Every pleading, written motion,

and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented." Before this case may proceed, Plaintiff will be required to submit a signed Second Amended Complaint.

I. BACKGROUND

In Civil Action 18cv3628(RMB), where this Complaint will be docketed as an Amended Complaint, this Court granted Plaintiff's application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a). When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action regarding prison conditions and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) and 42 U.S.C. § 1997e(c)(1) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. For the reasons discussed below, the Amended Complaint lacks sufficient information to state a claim upon which relief may be granted.

II. *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v.

Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

III. DISCUSSION

    A.    The [Amended] Complaint

Plaintiff states the following in his Statement of Claims:

> Commissioner Gary M. Lanigan an employee of Department of Corrections violated and failed to give the opportunity to call a witness and present evidence of injuries the [sic] goes against the Code 10A:4-9.13/A.E.
>
> Also confrontational and cross examinations under the 10A:4-3.1 that clearly states my innocences [sic] for missusage [sic] of tools and heavy machinery usaged [sic]. Also within the assaulted with Officer[s] C. Ray Hughes/Goldborough.
>
> As well letting the notifications of inmates of their right and responsibilities within Dates of their Bases being sought/ 10A:4-3.2/A-B.
>
> I've also been placed on an electronic communication device while not being informed of why the ordeal, as a whole took place

4

> without even being let known the date of placement within my case or even surroundings. An[d] this clearly violates my admin 10:A 1-2.2 General provisions NJAC 10A:4-4.1./5.1 and 12 administrative action and program requirements in accordance with NJAC 10A:4, Inmate Discipline under the ITTS, ICC, and also the VOP.

(Compl., ECF No. 1, ¶6, Statement of Claims.) In the Caption of the Complaint, Plaintiff wrote "NJAC 10A:1-10A:30."[1]

For relief, Plaintiff seeks

> I would like and need to be placed in an healthy invironment [sic]. That will have and keep me best of health. I also seek for medical financail [sic] benefits be handled and taken much more at hand. Also I would also like to have all legal and financal [sic] debts to be recompensated [sic] and paid off. I would also like a[] recommendation letter toward me being place[d] as SISD Being that my jobs or any other qualifications I've obtained calls uasage of all complet [sic] limbs of a[] hand. I would also like to be place[d] in another State of Department of Corrections or releaved [sic] of all charges placed beforehand.

(Id., ¶7, Relief.)

Plaintiff also submitted at least a partial copy of a Notice of Claim Form that he filed with the State of New Jersey. (Compl., ECF No. 1 at 11, 12, 14.) Plaintiff reported on the Notice of Claim Form that the accident occurred on June 14, 2016 at South Woods

---

[1] NJAC § 10A:1-10A:30 refers to the New Jersey Administrative Code regulations of the New Jersey Department of Corrections.

5

State Prison. (Compl., ECF No. 1 at 11, ¶3.) He described the accident as follows:

> I was at work in the AM shift at the meat processor area while placing the food into the machine my finger was ripped off the bone too [sic] the white meat even serverly [sic] being sawed of [sic] the bone that are connected to the main jointed nuckles [sic]. I then contacted as Floor Supervisor to inform him/her of the incident [sic] that took place at my desinated area [sic].

(Compl., ECF No. 1 at 11, ¶4.)

B.  Analysis

It appears that Plaintiff wishes to bring an Eighth Amendment excessive force claim under 42 U.S.C. § 1983 with respect to the alleged assault by Officer C. Ray Hughes and Officer Goldborough, as well as a New Jersey state law tort claim with respect to the accident he suffered during his prison work assignment at South Woods State Prison. Plaintiff also seeks to bring claims regarding his prison disciplinary proceeding, but it is not clear whether he wishes to bring state or federal claims. See Iwanicki v. Pennsylvania Dep't of Corr., 582 F. App'x 75, 79-81 (3d Cir. 2014) (discussing claims related to state prison disciplinary hearing).

Plaintiff has not signed the Amended Complaint nor has he provided sufficient facts about the underlying incidents to state a cognizable claim against the defendants. The Court will direct the Clerk to file the Complaint as an Amended Complaint in Civil

Action No. 18cv3628(RMB) and then dismiss the Amended Complaint without prejudice.

C. Appointment of Pro Bono Counsel

28 U.S.C. § 1915(e)(1) states that "[t]he court may request an attorney to represent any person unable to afford counsel." Plaintiff established his financial eligibility for appointment of pro bono counsel with his IFP application filed in Civil Action No. 18-3628(RMB) (IFP App., ECF No. 1-1.) Before appointing pro bono counsel, courts should determine whether the plaintiff's claim has some merit in fact and law. Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993.) Although Plaintiff has not provided the Court with enough facts to determine whether his pleading states a cognizable claim, it is at least plausible that Plaintiff may have claims related to his prison work-related injury and his excessive force claims against two correctional officers.

The plaintiff's ability to present his or her case is a significant factor in a court's decision to appoint pro bono counsel. Id. at 156. Plaintiff has twice attempted to initiate a civil action concerning his prison work-related accident and alleged assault by two corrections officers but has difficulty communicating the necessary facts and legal theories in his pleading. Counsel would provide a great benefit to Plaintiff and the Court in determining whether Plaintiff has a claim that may

7

proceed past screening under 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) and 42 U.S.C. § 1997e(c)(1). Therefore, the Court will appoint pro bono counsel for the limited purpose of assisting Plaintiff with filing a Second Amended Complaint in Civil Action No. 18 U.S.C. § 3628(RMB), if counsel determines that such action is warranted.

III. CONCLUSION

For the reasons stated above, the Court will direct the Clerk of Court to file Plaintiff's Complaint (ECF No. 1) as an Amended Complaint in Stephens v. State of New Jersey, Civil Action No. 18-3628(RMB) (D.N.J.), and close this action. The Court will dismiss the Amended Complaint in Civil Action No. 18-3628(RMB) without prejudice because it is unsigned. Finally, the Court will appoint pro bono counsel to represent Plaintiff in Civil Action No. 18-3628(RMB) for the limited purpose of filing a Second Amended Complaint, if warranted.

An appropriate order follows.

DATE: March 25, 2019

                                      s/Renée Marie Bumb
                                      **RENÉE MARIE BUMB**
                                      **United States District Judge**