**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLIFFORD STEPHENS,<br><br>                Plaintiff,<br><br>    v.<br><br>STATE OF NEW JERSEY, et al.,<br><br>                Defendants. | Civil Action No. 18-3628 (KMW) (AMD)<br><br>**OPINION** |

**WILLIAMS,** District Judge:

This matter comes before the Court on Defendant Stephanie Carter-Green's motion to dismiss (ECF No. 46) Plaintiff's Third Amended Complaint. (ECF No. 27). Plaintiff did not file opposition to the motion. For the reasons set forth below, Defendant's motion shall be granted, and Plaintiff's amended complaint shall be dismissed as to Defendant Carter-Green.

**I.     BACKGROUND**

At the time of the events giving rise to his complaint, Plaintiff was a prisoner incarcerated in South Woods State Prison. (ECF No. 27 at 1.) While at the prison, Plaintiff was assigned to work in the kitchen where he operated a meat mixer. (*Id.* at 3.) In September 2015, Plaintiff was told by staff of the kitchen that the "stop" button on the mixer was broken and awaiting repair, and could not be used to stop the machine, requiring the use of alternative methods to stop the mixer when needed. (*Id.* at 4.) The machine remained broken through the date of Plaintiff's injury in June 2016. (*Id.*) According to the operative complaint, Defendant Sgt. Carter-Green "worked in

the food production facility" and was "aware that the meat mixer was defective and unsafe." (*Id.*) Despite the safety issue, Plaintiff was required to continue working the machine. (*Id.* at 4-5.)

On June 15, 2016, Plaintiff "attempted to stop the machine using [an] exhaust latch." (*Id.* at 5.) While doing so, "his left index finger got caught" and a portion of the finger was severed. (*Id.*) This injury ultimately resulted in the finger being amputated and Plaintiff having to receive repeated medical treatment. (*Id.* at 5-6.) Based on this injury, Plaintiff contends that Defendant Carter-Green was deliberately indifferent to his safety in violation of the Eighth Amendment the New Jersey state constitution.[1] (*Id.* at 8, 10.) Defendant Carter-Green now moves to dismiss those claims. (ECF No. 46.) Plaintiff has not opposed that motion.

## II. LEGAL STANDARD

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the

---

[1] Plaintiff makes several additional allegations regarding the actions of other Defendants in his operative complaint, but Plaintiff failed to serve those Defendants. (*See* ECF Nos. 21, 34.) Because those Defendants were not served and have not moved to dismiss, this Court does not recount those additional allegations here.

factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)).

### III. DISCUSSION

In her motion to dismiss, Defendant Carter-Green argues that Plaintiff has failed to plead a plausible claim for deliberate indifference to Plaintiff's safety, and that Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 and the New Jersey Civil Rights Act against her must therefore be dismissed. Section 1983 provides "private citizens with a means to redress violations of federal law committed by state individuals." *Woodyard v. Cnty. Of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013). To assert a claim under the statute, Plaintiff must show that he was a deprived of a federal constitutional or statutory right by a state actor. *Id.* The New Jersey Civil Rights Act is New Jersey's state law analogue to § 1983, and, with rare exceptions not applicable here, is construed as being identical to an equivalent claim brought pursuant to § 1983. *See, e.g., Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443-44 (D.N.J. 2011). This Court will therefore consider both Plaintiff's federal and state law claim against Defendant Carter-Green together.

3

In order to bring a claim under either the Eighth Amendment or equivalent state constitutional provision alleging that a prison guard failed to protect a prisoner from harm, the prisoner must plead facts showing he was "incarcerated under conditions posing a substantial risk of serious harm" and that the officer was "deliberately indifferent" to that risk of harm. *Belt v. Fed. Bureau of Prisons*, 336 F. Supp. 3d 428, 438-39 (D.N.J. 2018); *see also Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012). A prison official acts with deliberate indifference where he knows of and disregards a substantial risk of serious harm to an inmate's health or safety. *Farmer*, 511 U.S. at 837. Because such a claim requires a showing of deliberate indifference – a species of recklessness – an allegation of mere negligence is patently insufficient to support a constitutional claim. *See, e.g., Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

Defendant in this matter argues that Plaintiff has failed to plead facts showing deliberate indifference and has instead merely pled a claim of negligence. Generally, the failure to provide adequate prison workplace safety equipment does not amount to deliberate indifference, but is instead indicative of negligence. *See, e.g., Stephens v. Johnson*, 83 F.3d 198, 200-202 (8th Cir. 1996) ("even assuming prison officials had knowledge of [prior similar injuries caused by lack of workplace safety equipment on machinery] this showing falls far short of . . . deliberate indifference"); *Warren v. State of Missouri*, 995 F.2d 130 (8th Cir. 1993); *Bibbs v. Armontrout*, 943 F.2d 26 (8th Cir. 1991) (knowledge of and failure to fix defective prison workplace equipment amounts to mere negligence); *Bowie v. Procunier*, 808 F.2d 1142, 1143 (5th Cir. 1987) (same); *Newman v. Morgan*, No. 12-664, 2012 WL 3150535, at *3 (D. Del. Aug. 1, 2012). In this matter, Plaintiff pleads only that Defendant Carter-Green was "aware" of the defective stop switch on the meat mixer. He does not plead any facts to support this allegation, nor does he plead any knowledge on Defendant's part of even a pattern of prior injuries caused by the machine. His

4

claim thus "falls far short of . . . deliberate indifference" and is insufficient to support a claim under either §1983 or the equivalent protections of the NJCRA. *Stephens*, 83 F.3d at 201. Plaintiff has thus failed to state a plausible claim for relief against Defendant Carter-Green, and his claims against her must be dismissed without prejudice. Defendant's motion is therefore granted.

### IV.   CONCLUSION

In conclusion, Defendant Carter-Green's motion (ECF No. 46) is **GRANTED**, and Plaintiff's claims against her are all dismissed without prejudice. An appropriate order follows.

Hon. Karen M. Williams,
United States District Judge

5